IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**LILLIANA FERRELL,**
**individually and on behalf of**
**all others similarly situated**

                                    **PLAINTIFF**

**V.**             **CASE NO. _____**

**GERALDI'S OF BERRYVILLE, INC.**
**d/b/a GERALDI'S OF FAYETTEVILLE**

                                    **DEFENDANT**

## COMPLAINT WITH JURY TRIAL DEMAND

Comes now the Plaintiff, Lilliana Ferrell, by and through her attorneys, Horton Law Firm, more specifically Bill G. Horton, and for her Complaint states that:

1. Plaintiff is a resident of Washington County, Arkansas.

2. Defendant is a corporation organized under the laws of Arkansas and having its principal place of business in Washington County, Arkansas.

3. Defendant is an employer engaged in commerce as defined by 29 U.S.C. § 203(b) in that Defendant purchases supplies from out-of-state suppliers, does business with interstate travelers, and otherwise makes use of the means of interstate commerce in conducting its business.

4. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States.

5. Venue is proper in this Court.

## FACTUAL BACKGROUND

6. Plaintiff was employed by Defendant as a server at its restaurant, Geraldi's of Fayetteville, from on or about August 6, 2022 until on or about February 12, 2023.

7. Plaintiff was employed in an enterprise engaged in commerce as defined by 29 U.S.C. § 203(b) in that Defendant purchases supplies from out-of-state suppliers, does business with interstate travelers, and otherwise makes use of the means of interstate commerce in conducting its business and Plaintiff was an employee of Defendant.

8. Defendant claimed a tip credit for Plaintiff's wages and the wages of all other similarly situated employees pursuant to 29 U.S.C. § 203(m)(2).

9. Defendant paid Plaintiff and all other similarly situated employees less than federal minimum wage in order to qualify for the tip credit under 29 U.S.C. § 203(m)(2).

10. After beginning work, Plaintiff was paid in excess of the federal minimum wage for the first shift she worked for training purposes and for her second shift worked subject to the tip credit claimed by Defendant.

11. When Plaintiff received her first paycheck, she did not receive payment for her first training shift and was subsequently paid in cash for that shift.

12. On Plaintiff's second paycheck, she received approximately $50.00 less in credit card tips than had been paid by customers she served.

13. Defendant informed Plaintiff that there was a tip-sharing policy by which Defendant would take 5% of the servers' total checks—including both hourly pay and tips—for distribution to hostesses, bussers, and dishwashers.

14. The 5% to be taken was required to be paid in cash by Plaintiff and other similarly situated employees before Defendant would release their next paycheck.

15. Upon information and belief, the withheld amounts were never distributed to the dishwashers or other staff members.

16. On occasion, Plaintiff's hourly wages and tips or the hourly wages and tips of others similarly situated, when totaled, did not meet the federal minimum wage.

17. Upon information and belief, on such occasions, Defendant failed to make up the difference between the hourly pay with tip credit and tips received and the federal minimum wage.

## CONVERSION ON BEHALF OF PLAINTIFF INDIVIDUALLY

18. Plaintiff restates and realleges paragraphs 1 through 17.

19. Plaintiff received directly from customers tips during her time working for Defendant.

20. Defendant took possession of a portion of tips received by Plaintiff and did not distribute said tips through a valid tip-sharing arrangement.

21. In taking possession of Plaintiff's tips, Defendant intentionally exercised dominion or control over Plaintiff's personal property in violation of Plaintiff's rights.

22. Plaintiff should be awarded compensatory damages for Defendant's conversion and punitive damages in an amount sufficient to deter similar future conduct.

## CONVERSION ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

23. Plaintiff restates and realleges paragraphs 1 through 22.

24. Plaintiff and all others similarly situated were required to make cash payments to Defendant in order to receive paychecks.

25. In withholding payment of earned wages until cash payments were made, Defendant intentionally exercised dominion or control over the personal property of Plaintiff and all others similarly situated in violation of the rights of Plaintiff and all others similarly situated.

26. Plaintiff and all others similarly situated should be awarded compensatory damages for Defendant's conversion and punitive damages in an amount sufficient to deter similar future conduct.

### UNJUST ENRICHMENT ON BEHALF OF PLAINTIFF INDIVIDUALLY

27. Plaintiff restates and realleges paragraphs 1 through 26.

28. Defendant has retained tips received for the benefit of Plaintiff and intended by customers to be given to Plaintiff.

29. Defendant has thus retained a benefit and has been enriched by the retained tips.

30. Under the circumstances, it would be unjust for Defendant to retain the benefit of the tips.

31. As such, Defendant should be required to disgorge the tips wrongfully withheld from Plaintiff.

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF INDIVIDUALLY – CONFISCATION OF TIPS

32. Plaintiff restates and realleges paragraphs 1 through 31.

33. Defendant held back tips of at least approximately $50 from Plaintiff's second paycheck and has not to this date released those tips to Plaintiff.

34. Pursuant to 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

35. Pursuant to 29 C.F.R. 531.54(b)(2), an employer must distribute any tips received as part of a valid tip-sharing policy to employees no later than the regular payday for the period covering the workweek in which the tips were received.

36. Defendant was aware of all regulations and laws governing its business operations and continued this practice without regard for same.

37. Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Fair Labor Standards Act.

38. Defendant's violations of the Fair Labor Standards Act are therefore willful.

39. Pursuant to 29 U.S.C. § 216(b), Defendant should be held liable to Plaintiff in the amount of the tips unlawfully kept by Defendant and in an additional equal amount as liquidated damages extending three years prior to the filing of this action.

40. Pursuant to 29 U.S.C § 216(b), Plaintiff should be awarded her reasonable attorney's fees and costs of this action.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

41. Plaintiff restates and realleges paragraphs 1 through 40.

42. Defendant received a tip credit pursuant to 29 U.S.C. § 203(m)(2) for Plaintiff's wages and the wages of all other similarly situated employees.

43. Defendant retained 5% of the paychecks of Plaintiff and all others similarly situated as part of a purported tip-sharing policy.

44. The employees purported to receive tips through the tip-pooling arrangement receive wages exceeding the federal minimum wage and are not tipped employees under 29 U.S.C. § 203(m)(2).

45. Specifically, dishwashers, bussers, and hostesses were paid wages exceeding the federal minimum wage and were not tipped employees under 29 U.S.C. § 203(m)(2).

46. Defendant did not take a tip credit under 29 U.S.C. § 203(m)(2) for the wages of the dishwashers, bussers, and hostesses.

47. As such employees were paid wages in excess of the federal minimum wage, they could not permissibly participate in a tip-pooling arrangement under 29 U.S.C. § 203(m)(2).

48. Upon information and belief, Defendant has not distributed the tips received by such employees pursuant to any valid tip-sharing policy but has instead retained such tips and used them for other purposes.

49. In so doing, Defendant has violated 29 U.S.C. § 203(m)(2)(B), which provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

50. Defendant's tip-pooling arrangement is invalid and illegal under 29 U.S.C. § 203(m)(2) and applicable regulations, including 29 C.F.R § 531.54.

51. Defendant was aware of all regulations and laws governing its business operations and continued this practice without regard for same.

52. Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Fair Labor Standards Act.

53. Defendant's violations of the Fair Labor Standards Act are therefore willful.

54. Pursuant to 29 U.S.C. § 216(b), Defendant should be held liable to Plaintiff and all other similarly situated employees in the amount of the tips unlawfully kept by Defendant and in an additional equal amount as liquidated damages extending three years prior to the filing of this action.

55. Pursuant to 29 U.S.C § 216(b), Plaintiff should be awarded her reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff, Lilliana Ferrell, prays that this Court grant judgment against Defendant; grant judgment against Defendant; award compensatory and punitive damages in an amount exceeding that required for federal diversity jurisdiction; for attorney's fees and costs; and for all other relief to which she is entitled.

Respectfully submitted,

By: /s/Bill G. Horton
Bill G. Horton, (ABA#2002200)
T.J. Fosko, (ABA#2014137)
Horton Law Firm
1000McClain Rd.
Ste. 612
Bentonville, AR  72712
Phone: (479) 268-473
Fax: (855) 936-5115
bill@callhorton.com

***PLAINTIFFF DEMANDS TRIAL BY JURY***